## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

**v.**

Case No. 22-cr-10157-FDS

**KOBE SMITH, et. al**

## DEFENDANT, KOBE SMITH'S MOTION IN LIMINE AND/OR REQUEST FOR HEARING PRIOR TO TRIAL TO DETERMINE ADMISSIBILTY OF OTHER UNCHARED CRIMES ALLEGED IN THE INDICTMENT

COMES NOW Defendant Kobe Smith ("Smith") and through the undersigned and seeks a hearing to determine the admissibility of other crimes – namely a criminal distribution of weapons in violation of 18 U.S.C. 922(a)(1)(A).   Upon review of the indictment, we see that Mr. Smith is charged with one count of conspiring under 18 U.S.C. § 371 to commit an offense against the United States, to wit: "Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residence . . . in violation of Title 18 United Sates Code, sections 922(a)(3).   *See ECF No. 3 at page 8.*  The underlying facts in support of the offense against our country are in paragraphs "1 through 9"of that same indictment.

A summary of those numbered paragraphs outline and allege (in essence) that Smith and 2 of his alleged co-conspirators (PRINGLE and BROWN) were all residents of Massachusetts; knew also that none of them were able to import, deal, and/or otherwise transport or receive firearms from neighboring states; but yet they placed orders to purchase weapons from another unauthorized person (MOORE) - a resident of Alabama. It is further alleged that over the course of about 18 months that no fewer than 24 firearms were brought into the Boston area from

Alabama.  *See generally paragraphs 1-9 of the indictment.*   The issue for this instant motion

begins upon review of paragraph 5 of the indictment, which reads as follows:

> "MOORE, PRINGLE, BROWN, and SMITH . . conspired to
> obtain more than twenty-four firearms from Alabama and
> transport them to Massachusetts . . ."

*Id*.

Now, this part of the allegation actually reads fine.  For it establishes one of the elements

of 18 U.S.C. sec. 922(a)(3).  *See supra.*  The problem arises with the language that comes ***after***

MOORE, PRINGLE, BROWN, and SMITH allegedly violated that aforementioned statute, and

which describes the purpose for the obtainment of the weapons. See the following:

> "for PRINGLE, BROWN, and SMITH's ***use and for their***
> ***distribution to their associates***"

***Id.*** (emphasis added).

As a result, two separate crimes are alleged here.  The first is that Smith and his alleged

Massachusetts co-conspirators violated 922(a)(3) by allegedly conspiring (and actually)

transporting firearms into their home state.  Then, and after that crime was completed, paragraph

5 further alleges that once they received the guns these people also became unlicensed dealers of

the firearms themselves – via their "distribution to their associates".  This of course would be in

violation of 18 U.S.C. § 922(a)(1)(A).  There is no question that these are 2 separate crimes.  *See*

*e.g., Joseph v. Attorney General of United States*, 465 F. 3d 123 (2006) (§922(a)(3) has no

element of "dealing in firearms" and in fact encompasses the legal purchase in another state of a

firearm and the subsequent transport of that firearm to an individual's home state – the statute

does not require that the transportation/receipt be accompanied by any intent to sell or otherwise

***distribute*** the firearm to another individual) (emphasis added).

2

Of course if one transports a firearm into their home state in violation of 922(a)(3), and then thereafter sells or otherwise distributes the firearm to others – said conduct would not escape accountability for purposes of sentencing.   This subsequent conduct would very well be considered "relevant conduct", and as a consequence carrying along with it the stiff penalties that §2K2.3(b)(1) imposes for trafficking in firearms.  *See USSG sec. 2K2.3(b)(1)* (calling for a gradation of sentencing point enhancements where the "offense involved three or more firearms").

To now coin Mr. Smith's argument as it relates to this motion, and where Smith (if convicted at trial for violating 922(a)(3)) would be punished for what he did after the crime was completed, he cannot think of any good reason why this same evidence would also be relevant to *convict* him on Count 1 of his indictment.   In a nut-shell, this evidence would speak to what Mr. Smith (or his alleged co-conspirators) did with the weapons **after** the weapons were transported/received in the alleged home state of Massachusetts.  In other words, one's intentions after 922(a)(3) is violated does nothing to prove whether the violation of the statute itself.  A review of the jury instructions for 18 U.S.C. 922(a) (3) bears this out:

1) First the defendant was not licensed as a firearms [dealer][importer] [manufactuer][collector];[1]

2) Second, the defendant willfully [transported into][received in] the state which the defendant resided a firearm that the defendant purchased or otherwise obtained outside that state".[2]

*See Model Jury Instructions for the Ninth Circuit, 2022 ed.*

---

[1] Mr. Smith would stipulate to this element – to lighten the government's evidentiary load at trial.

[2] Mr. Smith (as alleged in the indictment) is charged with conspiring and/or aiding and abetting to commit this element.  He denies that allegation as it pertains to Mr. PRINGLE and Mr. BROWN.  He does not deny that he spoke with Mr. MOORE about weapon purchases, and understands then that the issue at trial would be whether these communications would be sufficient to prove this element.

3

As such, the issue for trial becomes whether Mr. Smith willfully engaged in an agreement to accomplish the conduct in element 2.   There is nothing more to litigate beyond the agreement and its' nature between him and any of his co-conspirators – which is to transport firearms from one locale to another.  As such, any conduct taking place *after* these firearms are so transferred does not: 1) bear any relevance to the previous crime; and 2) would simply suggest that Mr. Smith is a criminal of multiple facets, and would be unfairly prejudicial to him where the jury is only asked to decide whether he is a criminal of singular complexion.

Mr. Smith therefore challenges under Fed. R. Evid. 401, 402, 403, and 404 the admissibility of the evidence stated above, ultimately asking this Court to exclude any attempt by the government to try and present this multi-faceted portrait of Mr. Smith.  To determine the admissibility of the challenged evidence, Smith requests the Court to hold a pre-trial hearing on the issue to determine the following:

1) Whether Mr. Smith conspired with PRINGLE, BROWN, and/or MOORE to commit any  subsequent crime of "distribution to associates" in violation of 922(a)(1)(A);

2) If Smith did in fact so conspire, then whether this other crime would be probative (beyond obvious bad character) to prove that a violation of 18 U.S.C. 922 (a) (3) occurred; and

3) Whether the probative value this crime presents is substantially outweighed by its' potential prejudicial effect.

**Rule 401 and Rule 402**

Evidence is relevant if it makes a fact of consequence more or less probable than it would be without the evidence. *Fed. R. Evid. 401; See also United States v. Lamberty*, 778 F.2d 59, 60-61 (1st Cir. 1985) ("The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of the elements of the offense charged

and any relevant defenses raised to defeat criminal liability."). If this Court deems said evidence irrelevant, it is inadmissible at trial. *Fed. R. Evid. 402.*

As outlined above, once the crime of 18 U.S.C. 922(a)(3) has been consummated, for what basis should the government keep going with proving this original crime? For example, let's say the undersigned (of course hypothetically speaking) called up a friend in Alabama to broker a purchase for a firearm to bring back into Massachusetts. He would be just as guilty of 922(a)(3) no matter if his desire thereafter was to: 1) give it away; 2) resell it; or 3) keep the because he believed it was a collector's item or because it was for self-defense. There is no element within 922 (a)(3) which parses out any state of mind requirement to prove some undeclared element – "why" the crime is being committed. Once a gun is transported, or once you conspire to do so, you are guilty of the offense.

Many crimes work in this way. Think of a garden variety OUI case. If one drinks alcohol and thereafter drives while impaired as a consequence they are guilty of the crime. It matters not if the reason for drinking and driving was so that the operator could go out to commit another crime like a breaking and entering, or and in the converse, merely driving to engage in a more honorable mission – say bringing a dying friend to the hospital. Mr. Smith argues that neither would be admissible on relevancy grounds. Just as no judge would ever allow evidence of why a person has decided to drink and drive, there should be a similar parallel here. Any evidence of Mr. Smith's (or his co-conspirators') intention for violating 922(a)(3) would do nothing but add fuel to a fire which one can already see. In other words, Mr. Smith's intention has no "special relevance" other than establishing propensity.

**Rule 404(b) and Rule 403**

Rule 404(b) of the Federal Rules of Evidence allows "[e]vidence of other crimes, wrong

or acts" to be introduced for certain permitted purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Fed. R. Evid. 404(b)*.  There is a two-step analysis to determine admissibility of other acts as evidence under this rule.  First, the court must decide whether the evidence is " 'specially probative of an issue in the case' and is not merely offered to show the defendant's bad character or propensity for crime." *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996).  Even if special relevance is established, the evidence may still be excluded if its' probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time, or needless presentation of cumulative evidence.  Furthermore, evidence that is admissible under rule 404(b) is not limited to prior bad acts and can include subsequent conduct by a defendant.  *See e.g., United States v. Mohr*, 318 F. 3d 613, 617-21 (4th Cir. 2003) ("Rule 404(b) . . . covers evidence of both prior and subsequent acts.").

As outlined above, 922(a)(3) has only two elements and appears to have an undertone of being a strict liability offense.  That no matter who the person, or what the circumstances, all Americans (law-abiding or not) are prohibited in transporting and/or receiving a weapon from another state without the proper credentials to do so.  Mr. Smith cannot think of any "special relevancy" between a person who tries to receive a gun out of state and with their motivation for doing.  For again, a person is just as guilty whether he wants it for self-defense or to traffic them.  One desire doesn't necessarily prove the crime over another.  In short there is no probative value to introducing that additional evidence at trial.

Further, and even if there were some special probative value to this evidence, it still would be more prejudicial than it would be probative.  The introduction of this evidence would simply conflate one issue with another – causing a jury to believe that Smith is a criminal of

many layers, leaving an immoral and dishonorable impression in their minds.  This evidence would do nothing but trigger an emotional charge, and would naturally lead them to a conviction based upon an appeal to their emotions in lieu of their intellect.  *See DiRico v. City of Quincy,* 404 F.3d 464, 467-68 (1st Cir. 2005) ("Evidence is unfairly prejudicial if it invites the jury to render a verdict on an improper emotional basis).

  The Defendant prays the Court's judgment.

            KOBE SMITH
            By his Attorney,

            /s/ Gordon W. Spencer
            Gordon W. Spencer, Esq.
            BBO #630488
            945 Concord Street
            Framingham, MA 01701
            (508) 231-4822

Dated: February 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record this 1st day of February, 2024 via electronic transmission

     /s/Gordon W. Spencer
      Gordon W. Spencer